UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MUHAMMAD JALAL DEEN AKBAR,

      Petitioner,

v.

Mr. BRIAN JETT, Warden et al
U.S. GOV'T,

      Respondents.

Civil No. 09-1592 (DSD/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 1982, Petitioner was convicted in the United States District Court for the Central District of California on charges of "Aircraft-Piracy." (Petition, [Docket No. 1], p. 2.) According to the present habeas corpus petition, Petitioner received a sentence of "10

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

years minimum." (Id.) Petitioner is still serving his sentence at this time, and he is currently incarcerated at the Federal Medical Center in Rochester, Minnesota.

Petitioner's conviction was upheld on direct appeal. United States v. Akbar, 698 F.2d 378 (9th Cir.), cert. denied, 461 U.S. 959 (1983). Petitioner also represents that he has challenged his conviction and/or sentence in at least one prior motion brought under 28 U.S.C. § 2255. (Petition, p. 3, ¶ 10.)

In addition, Petitioner has filed at least three prior habeas corpus petitions in this District, seeking relief under 28 U.S.C. § 2241. See Akbar v. Anderson, Civil No. 05-2632 (DSD/SRN); Akbar v. Terrell, Civil No. 07-4530 (DSD/SRN); and Akbar v. Babcock, Civil No. 09-810 (DSD/SRN). In those prior § 2241 cases, Petitioner has not challenged the validity of his 1982 conviction and sentence, but rather, he has challenged only the manner in which his sentence has been executed by the federal Bureau of Prisons, and federal parole authorities.

In the present case, however, Petitioner is claiming that his 1982 conviction and sentence were void, ab initio, and should now be vacated. Petitioner claims that he recently acquired new evidence, which shows that he was suffering from "Post-Traumatic-Stress-Disorder" when he committed the crime for which he is imprisoned. He believes that if this new evidence had been presented during the course of his original trial court proceedings, he would have been exonerated. Based on the purported new evidence of "Post-Traumatic-Stress-Disorder," Petitioner claims that his conviction should be vacated, and he "should be set free." (Petition, p. 3, § 9.)

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition, and that this case must be

summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition

from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 1982 federal criminal conviction in the Central District of California. He claims that his conviction and sentence should be vacated based on purported new evidence, which allegedly would have established his innocence if it had been presented during his original trial court proceedings. Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from filing a new motion under § 2255 at this time, because he has already filed such a motion once before, and he has not yet been granted permission to file a new motion. Any new § 2255 motion that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not yet obtained a pre-approval order from the Ninth Circuit Court of Appeals, the original

4

trial court could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute. He apparently believes that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a § 2241 habeas proceeding, because he cannot presently file a new § 2255 motion, (as the Ninth Circuit has not yet authorized him to do so), and because his current claims for relief are based on "new evidence." This reasoning must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded. Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more

than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural restrictions that apply to § 2255 motions), cert. denied, 537 U.S. 869 (2002).

The Court recognizes that Petitioner's current claims are based on "new evidence," which allegedly was discovered only quite recently. Petitioner has suggested that his new evidence of "Post-Traumatic-Stress-Disorder" was unavailable at the time of his trial court proceedings, or at the time of his direct appeal or his previous § 2255 motion. Even if that is true, however, Petitioner still cannot show that § 2255 is an inadequate or ineffective remedy for his current claims, because § 2255 includes a special procedure that allows a prisoner to seek relief under § 2255, based on newly discovered evidence, even if he has filed a previous § 2255 motion.

Under § 2255(h), a federal circuit court can allow a federal prisoner to file a second or successive motion for relief under § 2255, if the prisoner presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Thus, if the present Petitioner does indeed possess some newly discovered evidence that would establish his innocence, (as he claims), he can present that evidence to the Ninth Circuit Court of Appeals, and ask that Court to allow him to file a new § 2255 motion in the trial court.

The rule that is applicable here has been aptly summarized as follows:

> "A section 2255 motion is <u>not</u> inadequate or ineffective where the [§ 2241 habeas] petition raises newly discovered evidence or a new rule of constitutional law.... [Citation omitted.] [When] the petitioner argues that newly discovered evidence establishes his actual innocence of at least some of the crimes of which he was convicted.... the procedure for him to utilize is to apply to the appropriate circuit court for certification to file a subsequent section 2255 motion."

Winfield v. Martinez, No. 3:08cv509, (M.D.Pa. 2008), 2008 WL 4541945 at *2 (footnote omitted) (emphasis in the original). See also Okoro v. Hemingway, 104 Fed.Appx. 558, 559 (6th Cir. 2004) (unpublished opinion) (federal prisoner's challenge to his conviction based on new evidence could not be raised in a § 2241 habeas petition under the savings clause, because a "credible claim of actual innocence based upon new evidence is cognizable in a second or successive motion for relief from judgment pursuant to 28 U.S.C. § 2255"), cert. dismissed 543 U.S. 1044 (2005); White v. Nash, 67 Fed.Appx. 631, 633-34 (2nd Cir. 2003) (unpublished opinion) (federal prisoner could not rely on the savings clause to bring a § 2241 habeas corpus petition based on newly discovered evidence, because the prisoner could seek permission to bring his new evidence claim in a second or successive § 2255 motion); Fox v. Rivera, No. 2:07-1277-GRA-RSC, (D.S.C. 2007), 2007 WL 2746716 at *3-4 (same).

Simply put, because § 2255 provides a viable remedy for Petitioner's current new evidence claim, the savings clause is not applicable here.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 1982 federal criminal conviction in the Central District of California; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the

instant petition cannot be construed as a § 2255 motion, and transferred to the trial court, because the Ninth Circuit Court of Appeals has not yet granted Petitioner permission to file a new § 2255 motion; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective," because he can still ask the Ninth Circuit for permission to present his new evidence claim in a new § 2255 motion.

Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition is barred by the § 2255 exclusive remedy rule, and cannot be entertained here. This action must therefore be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Because this action must be dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be denied.

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket

No. 1), be **DENIED**;

      2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

      3.  This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: July 7, 2009

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 22, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.